# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2018

Lyle W. Cayce
Clerk

BOB AHMADI, also known as Robert Kennedy,

                            Plaintiff-Appellant

v.

CHRIS POOL; MARY MAGGIE; DEBRA EMMITE; MELISSA RIGGS; NFN LEWIS, Security; NFN KIM; LUCAS SHAW,

                            Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-302

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Bob Ahmadi, also known as Robert Abraham Kennedy, Texas prisoner # 624218, filed an action under 42 U.S.C. § 1983 alleging that various defendants physically, sexually, and mentally abused him, denied him medical care, and forcibly medicated him while he was detained at the Montgomery County Mental Health Treatment Facility (Montgomery Facility) for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evaluation and treatment after initially being found incompetent to stand trial. The district court granted the defendants' motion for summary judgment and dismissed the action as untimely and on other grounds that are not relevant here.

In this case, the applicable statute of limitations is the Texas limitation period of two years for personal injury actions. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The defendants submitted uncontested summary judgment evidence showing that Ahmadi's claims could not have arisen after August 14, 2012, the date he was discharged from the Montgomery Facility. The limitation period thus expired on August 14, 2014. Ahmadi asserts, without support by competent summary judgment evidence, that he filed the action in the Southern District of Texas in December 2013, after which it was transferred to the Northern District of Texas. We need not review this factual contention because it is raised for the first time on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *cf. Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (declining to consider a new legal theory raised for the first time on appeal). Nonetheless, the records establish that Ahmadi filed this action in the Northern District no sooner than August 29, 2014, the date he purportedly signed it. Claims against the Montgomery Facility defendants were severed from unrelated claims and transferred to the Southern District. In addition, Ahmadi has not shown entitlement to equitable tolling based on his mental condition or for any other reason. *See Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987).

The action was properly dismissed as untimely. The judgment is AFFIRMED. Ahmadi's motion to file attachments to his brief is GRANTED.